UNITED STATES of America,
Plaintiff—Appellee,

v.

Elrader BROWNING, Jr., Defendant—
Appellant.

No. 01–56161.
D.C. Nos. CV–97–02701–SVW,
CR–87–00571–SVW–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 7, 2003.*

Decided July 11, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before SILVERMAN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

■ 1. The requirement that the district court provide a unanimity instruction in a continuing criminal enterprise case is "expressly limited to a situation where some of the supervisees, presented as such by the government to the jury, could not legally have been supervisees." *United States v. LeMaux*, 994 F.2d 684, 688 (9th Cir.1993) (citation omitted). Therefore, even if Elrader Browning's claim was not

procedurally defaulted, no unanimity instruction was required in this case, since the government did not present any non-supervisees to the jury. Listing individuals in the indictment is not the same as presenting them to the jury. *See id.*

2. Similarly, irrespective of Browning's potential procedural default, the government properly distinguished between potential supervisees and mere suppliers and purchasers of narcotics, negating any need for a managerial authority instruction. *See United States v. Barona*, 56 F.3d 1087, 1097 (9th Cir.1995).

■ 3. Since Browning's ineffective assistance of appellate counsel claims fail on the merits, we need not address whether the district court erred in denying the motion to amend the petition to include those claims. Counsel's failure to propose jury instructions clarifying that Browning and his supervisees must simultaneously act in a conspiratorial manner is consistent with our ruling in *United States v. Jerome*, 942 F.2d 1328, 1330 (9th Cir.1991), and therefore objectively reasonable. *See Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In any event, Browning cannot show that the outcome of his trial would have differed. *Id.* at 694.

■ 4. Counsel's failure to challenge the district court's use of the term "together" in lieu of "in concert" in the jury instructions was not objectively unreasonable, since "the words and phrases in the CCE statute are neither outside the common understanding of a juror, nor so technical or ambiguous as to require a specific definition." *See United States v. Hernandez–Escarsega*, 886 F.2d 1560, 1571 (9th Cir. 1989) (citation and alteration omitted).

5. Counsel's failure to demand jury unanimity as to each violation constituting the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

"continuing series of violations" as required by *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), did not have "a substantial and injurious effect or influence in determining the jury's verdict." *United States v. Montalvo*, 331 F.3d 1052, 2003 WL 21309107 at *5 (9th Cir. June 9, 2003) (citation omitted).

6. Browning's contention that his counsel should have argued that Title 21 conspiracies may not serve as predicate offenses for CCE convictions is foreclosed by our decision in *Hernandez–Escarsega*, 886 F.2d at 1571.

7. The district court determined that the claims asserted by Browning's co-defendant were without merit. As a result, even if Browning did not procedurally default these claims, the district court properly rejected Browning's motion to amend to add these rejected claims to his original petition.

**AFFIRMED.**